**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SHAWN WRIGHT, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 08-2033 (JBS) |
| v. |  |
|  | **OPINION** |
| PAUL M. SCHULTZ, |  |
| Respondent. |  |

**APPEARANCES**:

    SHAWN WRIGHT, #40987-050
    F.C.I. Fairton
    P.O.. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**SIMANDLE**, District Judge

Petitioner Shawn Wright filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his federal sentence by the Bureau of Prisons ("BOP"). For the reasons expressed below, this Court will summarily dismiss the Petition.

### I.  BACKGROUND

The Petition challenges the failure of the BOP to give Petitioner prior custody credit, pursuant to 18 U.S.C. § 3585(b), for the 428-day period Petitioner was released on bond before he surrendered on February 21, 2006, to the BOP at FCI Fairton for service of his 72-month sentence.

On December 21, 2004, Petitioner pled guilty before the undersigned to a one count information charging him with knowing and intentional distribution and possession with intent to distribute five kilograms or more of cocaine, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A).  See United States v. Wright, Crim. No. 04-0897 (JBS) plea agreement (D.N.J. Dec. 21, 2004). On the same day, the undersigned ordered the release of Petitioner on an unsecured bond in the sum of $150,000, subject to Petitioner's not committing an offense while on release; advising the court, defense counsel and the U.S. attorney in writing before any change of address and phone number; and appearing at all proceedings as required and surrendering for service of any sentence imposed as directed.  See Wright, Crim. No. 04-0897 order (D.N.J. Dec. 21, 2004).  On January 13, 2006, the undersigned sentenced Petitioner to a 72-month term of imprisonment and five years of supervised release, and ordered Petitioner to surrender to the BOP no later than 12:00 p.m. on February 21, 2006.  Id. judgment (D.N.J. Jan. 13, 2006).  The Court recommended that the BOP designate Petitioner to an institution within the State of New Jersey.  Id.  Petitioner self-surrendered to the BOP at FCI Fort Dix on February 21, 2006.

The BOP initially calculated Petitioner's 72-month sentence as commencing on February 21, 2006.  On May 23, 2007, Petitioner submitted an Informal Administrative Remedy Resolution Form

asking the BOP to award prior custody credit for the 514-day period between his release on bond on December 21, 2004, and February 21, 2006.  Petitioner was informally granted prior custody credit for the time he was in custody from November 3, 2003, through November 7, 2003, but his request for prior custody credit for the time he was released on bond was denied.

Petitioner filed a formal request for administrative remedy which Warden Paul M. Schultz denied on November 8, 2007, on the ground that "[t]he time you request be credited toward your sentence from the date after your bond through the day before you surrendered for service of your sentence is not time spent in Official Detention" within 18 U.S.C. § 3585(b).  (Response of Warden Paul Schultz, Administrative Remedy No. 469320-F1, dated Nov. 8, 2007).  Petitioner appealed to the Regional Director who denied the appeal on August 15, 2007, on the ground that, pursuant to 18 U.S.C. § 3585(b), an inmate is not eligible for any prior custody credit while released from detention.  (Decision of D. Scott Dodrill, dated Aug. 15, 2007).  Petitioner appealed the Regional Director's decision to the General Counsel.  On March 25, 2008, Harrell Watts, Administrator of National Inmate Appeals, denied relief, upholding the denial of prior custody credit for the 428 days Petitioner was released on bond.  The decision provides, in relevant part:

You appeal the Regional Director's response to your Administrative Remedy in which you request 428 days of prior custody credit toward your federal sentence for time spent on bond from December 21, 2004, through February 21, 2006.

Prior custody credit is governed by the provisions of 18 U.S.C. § 3585(b) . . .

A review of our records reveals you were arrested by local law enforcement on November 3, 2003, and released on November 7, 2003. You were again arrested on November 14, 2003, and released on December 1, 2003 . . . . This prior custody credit was applied to your sentence computation under the provisions of subsection (1), of § 3585(b).

On April 19, 2004, you were arrested by local authorities for drug charges. You were released on bail on April 21, 2004. On April 28, 2004, you were arrested for violating the conditions of your bail. You remained in jail until September 27, 2004. The local drug charges had been dismissed. This was applied toward your sentence computation as prior custody credit under the provisions of subsection (2), of § 3585(b).

On December 21, 2004, you were arrested by the Drug Enforcement Agency. You were released on bond the same date, December 21, 2004. This one day was applied as prior custody credit under the provisions of subsection (1), of § 3585(b).

You remained on bond until September 7, 2005, when you were arrested by local authorities for Assault. You remained in custody until you were arraigned in court on September 8, 2005, at which time you were released. This charge was later dismissed. This was applied a prior custody credit under the provisions of subsection (2), of § 3585(b).

> Title 18 § 3585(b) prohibits the application of prior custody credit for time an offender is released on bond.  Furthermore, the United States Supreme Court, in <u>Reno v. Koray</u>, held that time spent under restrictive conditions of release was not "official detention." . . . . .  Therefore, you are not entitled to prior custody credit under 18 U.S.C. § 3585(b), for the time you spent on bond . . . .

(Decision of Harrell Watts, dated March 25, 2008).

Petitioner executed the Petition presently before this Court on April 12, 2008.  The Clerk received it on April 25, 2008.  The Petition raises one ground:

> Ground One: PETITIONER SHAWN WRIGHT 40987-050 WISH[ES] CREDIT FOR TIME SPENT ON BOND AND SUPERVISED PROBATION AFTER HIS GUILTY PLEA DECEMBER 21, 2004.
>
> Facts: December 21 2004 Shawn Wright pled guilty to Possession of cocaine.  After guilty plea, court judge Jerome B. Simandle released petitioner on $150,000 unsecured bond and placed petitioner on Pre-Trial probation.  January 13 2006 petitioner was sentenced to 72 months in federal prison and 5 years supervised release.  Feb 21 2006 petitioner turned himself in to FCI-FAIRTON in Fairton New Jersey to begin his prison sentence.  Afterwards, the I.S.M. (Inmate System Management) Office sent petitioner his calculation sheet.
>
> Petitioner then contacted the I.S.M. Office with complaint concerning his days incarcerated before being placed on bond and Pre trial probation Dec 21 2004.  And a complaint concerning credit for being on Bond/Probation before beginning his sentence Feb 21 2006.
>
> Petitioner was granted credit for time incarcerated prior to being placed on Bond/Probation BUT did <u>NOT</u> receive credit for

5

>           time spent on Bond Probation.  Petitioner
>           Shawn Wright submits this 2241 asking the
>           courts to resentence him.  In that, he ask
>           that the court reflect in his sentence the
>           time he spent on Bond and Pre-trial.

(Pet. Ground One, p. 4.)

## II.  DISCUSSION

A.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).[1]

---

[1] Habeas Rule 4 requires a judge to sua sponte dismiss a habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Rule 1(b); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence under federal law and he was incarcerated in New Jersey at the time he filed the Petition. See Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (challenge to BOP's failure to transfer inmate to community

corrections center may be brought under § 2241); Barden v. Keohane, 921 F. 2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as place of federal confinement); Gomori v. Arnold, 533 F. 2d 871, 874 (3d Cir. 1976) (challenge to erroneous computation of release date); Soyka v. Alldredge, 481 F. 2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing).

C.   Sentence Calculation

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served.  See 18 U.S.C. § 3585(a).  Section 3585(b) gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence.  Section 3585(a) and (b) provide, in relevant part:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the

8

>       sentence was imposed;
>
>       that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

Under § 3585(a), Petitioner's sentence commenced on February 21, 2006, the date he was taken into federal custody when he self-surrendered, pursuant to the judgment of conviction. See 18 U.S.C. § 3585(a). Section 3585(b) authorizes the BOP to give a prisoner credit for time "spent in official detention prior to the date the sentence commences." 28 U.S.C. § 3585(b). In Reno v. Koray, 515 U.S. 50 (1995), the Supreme Court held that a defendant is not in "official detention," within the meaning of § 3585(b), and therefore not entitled to prior custody credit, during the time he was ordered released on the condition that he be confined to a community treatment center without authorization to leave unless accompanied by a government agent. The Court reasoned:

> The Bail Reform Act of 1984 provides a federal court with two choices when dealing with a criminal defendant who has been "charged with an offense" and is awaiting trial, 18 U.S.C. § 3142(a), or who "has been found guilty of an offense and ... is awaiting imposition or execution of sentence," 18 U.S.C. § 3143(a)(1) . . . . The court may either (1) "release" the defendant on bail or (2) order him "detained" without bail. A court may "release" a defendant subject to a variety of restrictive conditions, including residence in a community treatment center. See §§ 3142(c)(1)(B)(i), (x), and (xiv). If,

9

>    however, the court "finds that no condition
>    or combination of conditions will reasonably
>    assure the appearance of the person as
>    required and the safety of any other person
>    and the community," § 3142(e), the court
>    "shall order the detention of the person,"
>    <u>ibid.</u>, by issuing a "detention order"
>    "direct[ing] that the person be committed to
>    the custody of the Attorney General for
>    confinement in a corrections facility," §
>    3142(i)(2). Thus, under the language of the
>    Bail Reform Act of 1984, a defendant suffers
>    "detention" only when committed to the
>    custody of the Attorney General; a defendant
>    admitted to bail on restrictive conditions,
>    as respondent was, is "released."

<u>Reno v. Koray</u>, 515 U.S. at 57.[2]

This Court holds that the BOP correctly determined that Petitioner is not entitled to prior custody credit under § 3585(b) for the time he was released on bond between December 21, 2004, and February 21, 2006.  <u>See</u> <u>id.</u>; <u>Cucciniello v. Keller</u>, 137 F. 3d 721, (2nd Cir. 1998) (time spent on home confinement as a

---

[2] Section 3142(a) provides:

**(a) In general.** Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be -
>    **(1)** released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
>    **(2)** released on a condition or combination of conditions under subsection (c) of this section;
>    **(3)** temporarily detained . . . under subsection (d) of this section; or
>    **(4)** detained under subsection (e) of this section.

18 U.S.C. § 3142(a).

10

condition of bail release is not "official detention" under § 3585(b)); Rodriguez v. Lamer, 60 F. 3d 745, 747-48 (11th Cir. 1995) (time spent under "house arrest" is not "official detention" under § 3585(b)).  Because the BOP did not abuse its discretion or violate federal law in denying Petitioner prior custody credit for the time he was released on bond, this Court will dismiss the Petition with prejudice.[3]

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus.

        **s/ Jerome B. Simandle**
**JEROME B. SIMANDLE**
U.S. District Judge

Dated:   **May 1**  , **2008**

---

[3] To the extent Petitioner asks this Court to resentence him, see Pet. p. 4, the request is denied for lack of jurisdiction.  See 18 U.S.C. § 3582(c); United States v. Higgs, 504 F. 3d 456, 464 (3d Cir. 2007) (section 3582(c) limits the jurisdictional authority of district courts to entertain a motion for reduction of sentence).